IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED JAN 0 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JEFFERY DROBNICK,

    Plaintiff,

v.

TRICAM INDUSTRIES, INC.,

    Defendant.

08CV164
JUDGE LINDBERG
MAGISTRATE JUDGE NOLAN

**JURY DEMAND**

## ANSWER TO PLAINTIFF'S COMPLAINT AT LAW IN STRICT LIABILITY

COMES NOW the Defendant, TRICAM INDUSTRIES, INC., (Hereinafter "Tricam") by and through its attorneys, McVEY & PARSKY, LLC, and for its Answer to Plaintiff's Complaint in Strict Liability, states as follows:

### COMPLAINT AT LAW

NOW COMES Plaintiff, JEFFERY DROBNICK, and for his Complaint against the Defendant, Tricam Industries, alleges and states as follows:

1. That on the 3rd day of December, 2005 and for a long time prior to that date, the Defendant, Tricam Industries, was in the business of manufacturing and selling to the public various ladders made of aluminum including the step ladder complained of herein.

    **ANSWER:** This Defendant admits that it manufactured and sold ladders prior to December 3, 2005. This Defendant admits that it manufactured an aluminum stepladder which has been presented to the Defendant for photography. This Defendant denies the remaining allegations contained in Paragraph 1.

2. That prior to said date, the Defendant, Tricam Industries, manufactured and made available for sale to the public an aluminum step ladder known as a Gorilla Ladder which was involved in the occurrence complained of herein.

    **ANSWER:**    This Defendant admits that it manufactured the ladder presented to it for photography which allegedly was involved in Plaintiff's accident on December 3, 2005. This Defendant denies the remaining allegations contained in Paragraph 2.

3.    That at the time that the aluminum step ladder was manufactured and sold by the Defendant, Tricam Industries, the ladder was defective, unsafe and unreasonably dangerous for its intended use in that the weight bearing legs were of inadequate strength to withstand the normal stresses that were placed on them and the aluminum was weak and defective and thereby was likely and liable to bend, collapse or buckle when subjected to stresses that would ordinarily be expected to be placed on a step ladder of the type in question.

    **ANSWER:**    This Defendant denies the allegations of Paragraph 3.

4.    That this defective, unsafe and unreasonably dangerous condition continued up to and including the time of the occurrence complained of.

    **ANSWER:**    This Defendant denies that the stepladder alluded to in Paragraph 3 was defective, unsafe or unreasonably dangerous as a result of its design and/or manufacture.

5.    That on the 3rd day of December, 2005, the Plaintiff using the aforesaid step ladder was standing on a rung of the ladder several feet above the ground and as a result of the defective, unsafe and unreasonably dangerous condition of the ladder as stated, the weight bearing legs of the ladder were caused to and did collapse or buckle and thereby the Plaintiff was caused to fall with great force and violence to the ground below and thereby sustaining severe and permanent injuries to his wrists and chest and he thereby sustained severe and permanent injury to his nervous system and as a result thereof he has suffered and with reasonable certainty will continue to suffer great pain and he has been and will permanently be hindered to attending to his affairs and duties as to following his usual occupation as he has then and there be deprived of large earnings and profits that he might otherwise had made and he will be compelled and continue to expend and become liable for large sums of money for the care and treatment of his injuries.

    **ANSWER:**    This Defendant admits that Plaintiff allegedly was using the accident ladder presented to it for photography when the fall occurred, but denies that the ladder was defective, unsafe or unreasonably dangerous due to its design and/or manufacture. This Defendant admits that the Plaintiff fell and sustained an injury, however, it denies the nature and extent of the injuries and the losses claimed by the Plaintiff. Furthermore,

>  **Defendant denies the remaining allegations contained in Paragraph 5.**

WHEREFORE, the Plaintiff demands judgment against the Defendant in a sum of excess of Fifth Thousand Dollars ($50,000.00).

<u>**ANSWER:**</u>    **WHEREFORE, Defendant, TRICAM INDUSTRIES, INC., denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**

<u>**AFFIRMATIVE DEFENSES**</u>

**I**

Further answering and without prejudice to its denials and other statements in its pleadings, Defendant, TRICAM INDUSTRIES, INC., sets forth the following Affirmative Defenses:

1. Plaintiff was comparatively at fault at the time of his injury which was a proximate cause of his fall in that:

    (a)  He lost his balance in the process of using the ladder resulting in his fall.

    (b)  He slipped and fell from the ladder during the course of his use of the ladder.

    (c)  He overreached during the course of his use of the ladder.

2. Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's misuse of the subject ladder. Accordingly, pleading in the alternative and without waiving any answers or denials herein, this Defendant states that any judgment entered against it in favor of the Plaintiff should be reduced by Plaintiff's percentage of fault in his misuse of the product and if that percentage of fault is found to be greater than fifty percent (50%) to bar Plaintiff's claims against Defendant, Tricam Industries, Inc.

## ASSUMPTION OF RISK

## II

1. Plaintiff failed to follow the instructions and warnings on the accident ladder.

2. Plaintiff was aware of the likelihood of injury if those instructions and warnings were not followed.

3. Plaintiff's failure to follow the ladder's instructions and warnings caused his injury.

4. Plaintiff assumed the risk of injury by using the ladder in violation of its warnings and instructions.

5. Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's misuse of the subject ladder. Accordingly, pleading in the alternative and without waiving any answers or denials herein, this Defendant states that any judgment entered against it in favor of the Plaintiff should be reduced by Plaintiff's percentage of fault in his misuse of the product and if that percentage of fault is found to be greater than fifty percent (50%) to bar Plaintiff's claims against Defendant, Tricam Industries, Inc.

Respectfully submitted,

TRICAM INDUSTRIES, INC.

BY: _____
Paul V. Kaulas (#6184224)
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:   312/551-2131
Email: pvk@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Louis W. Brydges, Law Offices of L.W. Brydges, Sr., 35973 North Helendale Road, Ingleside, Illinois 60041, by regular mail on January 8, 2008.

        McVEY & PARSKY, LLC
        Attorney for Defendant
        30 North LaSalle Street
        Suite 2100
        Chicago, IL 60602
        Tel: (312) 551-2130
        Fax: (312) 551-2131

By: _____
        Paul V. Kaulas
        Illinois Bar No. 6184224